## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TEON HOGAN,** | ) | 8:04CV368 |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **COX COMMUNICATIONS, LLC.,** a foreign limited liability company | ) ) | **PROTECTIVE ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court on the parties' Joint Motion for Protective Order (Filing No. 25). Having considered the motion, the Court is of the opinion that it should be GRANTED.

**IT IS ORDERED:**

In responding to discovery in the within action, the responding party may designate personnel files, medical files, confidential information, or trade secrets or any other proprietary information produced as "confidential." "Confidential information" does not include information transmitted or otherwise provided, in written or oral form, to any government agency or third party with whom a party does not have an attorney-client relationship. The designation may be done in the course of producing documents for inspection, answering interrogatories, responding to requests for admission, or with respect to specific questions understood by the parties, and ordered, that all personnel, medical, disciplinary and other employee records produced in discovery are confidential and subject to this Order, without further designations by a party.

Information provided which has been designated as confidential by the providing party shall not be used by the receiving party for any purpose except in connection with the trial and preparation for trial of this case. Legal counsel receiving information designated as confidential shall not disclose such information to any persons other than lawyers, paralegals, secretaries or other support personnel in the law firms of such counsel assisting in the trial or preparation for trial of this case, experts and consultants retained by legal counsel for assistance in the litigation, or the parties to the lawsuit themselves. If confidential information is provided to any expert or consultant retained by a party, the party

retaining the expert or consultant will obtain a confidentiality agreement with that expert or consultant providing that the confidential information will be returned at the conclusion of the term where it is necessary to the party retaining the expert or consultant or, in any case, at the conclusion of the litigation, and that the information will not be used for any other reason. Counsel retaining the expert or consultant to whom confidential information is provided will be responsible for maintaining a log detailing who is provided confidential information and specifically what information has been provided.

Only that information which a party shall in good faith deem to contain sensitive personal, personnel, medical, confidential business, or trade secret information shall be designated as confidential, and the designation of information as confidential shall constitute a certification by the providing counsel that he or she has reviewed the material, that the confidential designation has been made in good faith, and that there are substantial grounds to support such designation.

In the event that counsel for the party receiving information designated as confidential desires to use the information in any manner not otherwise permitted by this Order, such counsel shall notify counsel for the producing party, in writing. Such notice shall identify the information sought to be disclosed and specify the use sought to be made of it. If the notifying counsel has not received a written objection to such proposed use within 21 calendar days after the mailing of such notice, such counsel may use such information in a manner consistent with the notice. If counsel seeking such use receives written objection within said 21 day period, either party may present the matter to this Court for resolution. There shall be no disclosure of such information until a Court Order permitting such has been entered.

At the conclusion of this case, all information designated as confidential, and all copies thereof, shall be returned to counsel making the confidentiality designation.

The provisions of this Protective Court Order can be waived or modified in whole or in part either by a written agreement executed by or on behalf of all the parties to this lawsuit or by a stipulation by all parties made on the record, a deposition or a Court hearing, or upon motion of any party for amendments to the Order presented to this Court. The Court will not consider any such motion unless counsel for the moving party has

conferred or has made reasonable effort to confer with opposing counsel concerning the requested amendment and counsel for the moving party shall so certify.

Dated this 29th day of April, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

| AGREED: | AGREED: |
|---|---|
| s/ Richard D. Dunn, #21937 | s/ Roger J. Miller, #12845 |
| Pansing Hogan Ernst & Bachman LLP | McGrath North Mullin & Kratz, PC LLO |
| 10250 Regency Circle | Suite 3700 First National Tower |
| Suite 300 | 1601 Dodge Street |
| Omaha, NE  68114 | Omaha, NE  68102-1627 |
| Telephone: (402) 397-5500 | Telephone:  (402) 341-3070 |
| Facsimile: | Facsimile:  (402) 341-0216 |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |